IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK ALLEN PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 92-30102 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Mark Allen Patterson's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) (d/e 100) and Patterson's Motion for Summary Judgment Under Rule 56 F.R.C.P. (d/e 102). For the reasons stated below, the Court denies Patterson's Motion for Sentence Reduction and dismisses his Motion for Summary Judgment.

I.   Motion for Sentence Reduction

On December 9, 1992, Patterson was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On June 2, 1993, the Court sentenced Patterson to 288 months of imprisonment.

1

Because he had three prior convictions for violent felonies, he was sentenced as an armed career criminal under 18 U.S.C. § 924(e).  The Seventh Circuit affirmed his sentence in 1994.  United States v. Patterson, 23 F.3d 1239, 1256 (7th Cir. 1994).  In 1997, Patterson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255.  See Cent. Dist. Ill. Case No. 97-03105, Petition (d/e 1).  The Court denied that motion.  Cent. Dist. Ill. Case No. 97-03105, Opinion (d/e 3).  The Seventh Circuit declined to issue a certificate of appealability and entered its mandate August 28, 1998.  Cent. Dist. Ill. Case No. 97-03105, Mandate (d/e 13).

On August 14, 2007, Patterson filed the instant Motion for Sentence Reduction.  He argues that Amendment 433 to the Sentencing Guidelines modified the definition of the term "crime of violence" used in the career offender guideline at U.S.S.G. §§ 4B1.1 & 4B1.2.  Amendment 433 excluded the offense of unlawful possession of a firearm by a felon. U.S.S.G. App. C, at 253; U.S.S.G. §§ 4B1.2 cmt., n.2.  Thus, Patterson argues, federal courts cannot use the felon-in-possession offense as a crime of violence for purposes of imposing the career offender provision of U.S.S.G. §§ 4B1.1 (defined in § 4B1.2).  See Stinson v. United States, 508 U.S. 36, 47 (1993) (holding Amendment 433 binding).  Patterson asserts

that he is entitled to a sentence reduction.

Patterson is wrong. Under 18 U.S.C. § 3582, a court's ability to modify a term of imprisonment once it has been imposed is limited. Here, the Director of the Bureau of Prisons has not moved for a reduction of Patterson's term, so the only option available is where "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." See 18 U.S.C. § 3582(c). Amendment 433 went into effect November 1, 1991, before Patterson's sentencing. He was not sentenced based on a range that was subsequently lowered. But more importantly, Patterson was not sentenced as a career offender under U.S.S.G. § 4B1.1, and his sentence was not enhanced based on prior "crimes of violence" as defined in this section. He was sentenced as an armed career criminal under 18 U.S.C. § 924(e). Amendment 433 is irrelevant; therefore, the Court denies this Motion.

II.   Motion for Summary Judgment

Patterson's Motion for Summary Judgment appears to be asking this Court to order, under Federal Rule of Civil Procedure 56, the Sangamon County State's Attorney's Office Forfeiture Unit to return $142.00 it confiscated from Patterson in 1992. The Court cannot do so. First, Rule

3

56 is a rule of civil procedure, and Patterson's case is criminal. Thus, Rule 56 has no place here. Moreover, to the extent Patterson's Motion relates to injuries he may have suffered as a result of a prior state court judgment, the *Rooker-Feldman* doctrine prohibits this Court from reviewing or rejecting that judgment. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The Court lacks jurisdiction to consider this Motion.

THEREFORE, Patterson's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) (d/e 100) is DENIED and Patterson's Motion for Summary Judgment Under Rule 56 F.R.C.P. (d/e 102) is DISMISSED for lack of jurisdiction.

IT IS THEREFORE SO ORDERED.

ENTER: November 19, 2007

    FOR THE COURT:

                                          s/ Jeanne E. Scott

                                          JEANNE E. SCOTT
                                          UNITED STATES DISTRICT JUDGE